## SALLEY v. AMICABLE LIFE INS. CO.
### (No. 908-4977.)

Commission of Appeals of Texas, Section B.
March 28, 1928.

1. Insurance ☞84(2)—Provisions requiring repayment of agent's commissions and permitting declining of application, without giving reasons, authorized company's return of premiums upon any reason deemed sufficient.

Provisions in contract of insurance agent that, in case of company's return of premiums on policy issued, agent should repay his commissions, together with stipulation that company will not disclose reason for declining an application, authorized insurance company to decline application or return premiums upon any policy previously issued upon any reason deemed by it to be sufficient, in agent's suit for recovery of commissions.

2. Insurance ☞84(2)—Insurance agent receiving and holding policies applied for held not entitled to commissions, where applications were rejected and policies recalled.

Under agency contract providing that, in case of company's return of premiums on policies issued, agent should repay amount of commissions received, agent was not entitled to recover from insurance company premiums on policies which had been issued and delivered to him for unconditional delivery to beneficiaries, nor on policies as yet unissued, where agent had not delivered policies which he held, but had merely notified contemplated assignee that he was holding policies until all of them should be received, and where during such time company exercised its right to decline application and recall policies.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by R. C. Salley against the Amicable Life Insurance Company. Judgment for defendant was affirmed by the Court of Civil Appeals (297 S. W. 612), and plaintiff brings error. Affirmed.

Gordon O. McGehee and R. H. Ward, both of Houston, for plaintiff in error.

Williams, Williams, McClellan & Lincoln, of Waco, and Maurice Hirsch and Ben J. Brown, both of Houston, for defendant in error.

SPEER, J. This suit was instituted by R. C. Salley against the Amicable Life Insurance Company to recover the agent's commissions upon certain insurance policies written by the agent. As to three of the policies it was alleged the same had been issued by the company and delivered to the agent for unconditional delivery to the beneficiaries, but that the defendant had arbitrarily and without reason or cause demanded the return of the policies, which demand had been complied with over protest; and as to the remaining six of the batch of nine, it was al-

leged that proper applications had been taken by the agent for desirable and eligible applicants, and that without just cause the defendant company had arbitrarily refused to issue policies, all to an amount of damages stated.

The defendant answered, tendering the general issue, and likewise pleading specially the provisions of the agency contract upon which plaintiff sued, entitling it to refuse and decline any application tendered without having to give any reason therefor, and that for reasons considered sufficient to itself it had recalled the three policies previously sent to the agency and had declined to issue the remaining six, wherefore, it was not indebted to the plaintiff in any amount whatever.

The trial court sustained a general demurrer to the cause with respect to the six unissued policies and heard evidence with respect to the three policies that were sent to the plaintiff. At the conclusion of the testimony the trial court summarily instructed the jury to return a verdict for the defendant. Upon appeal this judgment was affirmed. (Tex. Civ. App.) 297 S. W. 612.

While the ruling of the trial court with respect to both questions above mentioned was made the subject of a separate assignment in the Court of Civil Appeals, nevertheless the appellant recognized that an unfavorable ruling upon his assignment of error complaining of the peremptory instruction would be finally decisive of every question in the case and expressly stated in his brief that:

"If the court should overrule said assignment of error, it disposes of this case without the necessity of considering any of the other assignments of error in the case."

While technically such holding might not be decisive upon the other questions presented, yet undoubtedly the right to recover commissions for the six policies not issued could not be sustained if the right to such commissions for the policies actually issued could not be maintained.

The Court of Civil Appeals referring to appellant's statement said:

"Accepting that statement as both binding and true, it is only necessary to determine that question,"

—and then proceeded to consider the alleged error with reference to the instructed verdict. We have carefully considered the opinion by Justice Graves upon this point and thoroughly agree with it. It is clear, we think, as pointed out in that opinion, there had been no delivery of the policies to the beneficiaries nor to the plaintiff in error as agent for the beneficiaries.

In sending these policies to the agent, the company wrote:

"We are inclosing this policy issued as applied for, together with assignment blanks as requested."

Accompanying this form of assignment was the following:

"Notice: The rules of the company require that if a policy shall be assigned the assignment must be in writing and should be signed by the insured and previous assignee, if any, and the company shall not be required to notice such assignment until the duplicate thereof is filed in the home office of the company. The company will not assume any responsibility for the validity of an assignment. The acknowledgment should be made before a notary public and certified by him under his official seal. Both the original and duplicate of the assignment should be sent to the home office, one copy being retained by the company and the other returned."

There is nothing in plaintiff in error's testimony that would support his contention he held the policies after their receipt as the agent for the beneficiaries, such testimony being:

"That he talked to Miss Rayburn, the secretary and general manager of the Producers' Credit Company [the contemplated assignee of policies]. That he recognized her voice, being acquainted with her. That he notified her he had these policies, and that the policies would be held until the receipt of the balance of the policies which were being issued, and that all of the policies would be delivered at the same time, and she said that would be satisfactory. That after the policies were sent to him through the mail he received a communication from the company, in writing, with reference to returning the policies."

The letter referred to stated:

"It seems that the three policies forwarded to you have not been delivered, and we ask that these policies be returned to the office. I give you below the policy numbers and names of the applicants," etc.

After still another letter demanding the return of the policies, plaintiff in error wrote the company:

"I am just in receipt of a letter from Mr. Blair asking for return of three policies issued on my Llano business. I am unable to understand the meaning of this letter and also have not heard anything from you in answer to my letter regarding the issuance of the balance of the business. I have been waiting for this business to get issued so I could make a trip to Llano and make delivery of the business on one trip," etc.

Still later he again wrote the company:

"I am holding the policies which have been issued, and the only reason I have not delivered the same is due to the fact that I have been waiting for you to issue the balance of the business so I could make delivery on one trip," etc.

This testimony, in connection with that referred to by the Court of Civil Appeals, conclusively shows the three policies had not been delivered to the beneficiaries nor to the agent for unconditional delivery to them.

[1, 2] But whether there had been an actual delivery or not, the agency contract, a copy of which was attached to the plaintiff's petition, stipulated:

"That if the company shall return the premiums on a policy issued under this or any previous contract, the agent shall repay the company, on demand, the .amount of commissions received on the premiums so returned."

This clearly contemplates that even after actual issuance and delivery of a policy, upon return by the company of the premium paid, it would thereupon be entitled to recover from the agent the amount of commissions he had received on the premiums so returned. This stipulation along with that quoted by the Court of Civil Appeals, to the effect "the company will not disclose the reason for declining an application," authorizes the company to decline any application or to return the premiums upon any policy previously issued and delivered upon any reason deemed by it to be sufficient. We have carefully considered the evidence of the reasons which prompted the company to demand the return of the policies issued by it and to refuse to issue the others, and are clearly of the opinion those reasons were sufficient, as matter of law, to negative any contention that the action in this respect had been arbitrary and without cause or reason.

We therefore recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial .court be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as .recommended by the Commission of Appeals.

PIERSON, J., not sitting.